UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-CV-10629-RGS

FADAL MACHINING CENTERS, LLC

v.

COMPUMACHINE, INC.

MEMORANDUM AND ORDER ON DEFENDANT'S MOTION
TO DISMISS, OR IN THE ALTERNATIVE,
TO STAY PENDING ARBITRATION

August 14, 2009

STEARNS, D.J.

Fadal Machining Centers, LLC (Fadal) brought suit in the Massachusetts District Court against Compumachine, Inc. (Compumachine) for breach of contract, invoking the court's diversity jurisdiction. Fadal previously filed for a writ of attachment, which this court denied. The court instead granted a restraining order enjoining Compumachine from alienating, mortgaging, or placing any encumbrance on machines purchased from Fadal for which payment has not been made in full. Pending before the court is defendant's motion to dismiss, or in the alternative, to stay the case pending arbitration.

Ruling on this motion requires the court to resolve a "battle of the forms." The "Severability, Governing Law and Forum Selection" clause in the Distributor Agreement between the parties states that:

> the governing law shall be the law of California, and any action, claim, suit or proceeding between the parties shall be initiated and prosecuted in the United States District Court for the Central District of California.

Compumachine, however, argues that the arbitration clause set out in the Terms and

Conditions of Sale (accompanying each of the invoices for which Fadal is seeking payment) is controlling in this matter. The Terms and Conditions of Sale include the following clauses:

> **11. ARBITRATION.**
> Any controversy or claim arising out of or relating to this agreement, or the breach thereof shall be determined and settled solely and exclusively by arbitration held in Los Angeles, California under Title 9, United States Code "Arbitration" (the "U.S. Federal Arbitration Act"). The rules shall be in accordance with the then current Commercial Arbitration Rules of the American Arbitration Association. Any claim for arbitration must be filed in writing with the American Arbitration Association in Los Angeles and a copy sent to the other party within six (6) months after the act, omission or alleged breach that gave rise to the claim or controversy. Otherwise, the right to any remedy will be deemed forever waived. . . .
>
> **13. APPLICABLE LAW.**
> This Agreement shall be governed, construed and enforced in accordance with the laws of the United States, including the Federal Arbitration Act, and the applicable Uniform Commercial Code.

Both of the competing "forms" require that any action, whether an arbitration or litigation, be commenced in the State of California. The Supreme Court has held that where "[t]he choice of forum was made in an arm's length negotiation by experienced and sophisticated businessmen, . . . absent some compelling and countervailing reason, it should be honored by the parties and enforced by the courts." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12 (1972). In the absence of a waiver of the forum selection clause[s],[1] or a showing of compelling or countervailing reasons, this court must, by terms of the parties' own contract[s] refuse further jurisdiction of the case. Cf. Menorah Ins. Co.,

---

[1] To the contrary, in its memorandum supporting this motion, Compumachine points to Fadal's failure to explain why the action was not initiated in the Central District of California. See Silva v. Encyclopedia Britannica Inc., 239 F.3d 385, 388 (1st Cir. 2001) (a motion to dismiss based on a forum selection clause may be raised at any time in the proceedings).

Ltd. v. INX Reinsurance Corp., 72 F.3d 218, 223 (1st Cir. 1995).[2]

### ORDER

For the foregoing reasons, the motion to dismiss is ALLOWED without prejudice, with leave to file in the proper forum. The Clerk will now close this case.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

---

[2]The court ventures no opinion as to whether the arbitration clause of the Terms and Conditions of Sale in fact trumps the parallel provision of the Distributor Agreement, other than to note that the issue of the validity of the scope of an arbitration clause is to be decided in the first instance by the court. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944-945 (1995). Because the parties have mutually chosen California law and a California forum as controlling the substance of their dispute, it is for a court of California, and not Massachusetts, to make that determination. See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988).